IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSEPH LEE,
430 Bobcat Hollow
San Antonio, Texas 78251,
Plaintiff, pro se,

v.

UNITED STATES GENERAL SERVICES ADMINISTRATION,
Defendant.

Civil Action No. 1:26 CV561
(assigned by Clerk)

COMPLAINT FOR INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT
(5 U.S.C. § 552)

Plaintiff Joseph Lee ("Plaintiff"), for his Complaint against Defendant United States General Services Administration ("GSA" or "Defendant"), alleges as follows:

I. NATURE OF THE ACTION
1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking declaratory and injunctive relief to compel GSA to process Plaintiff's FOIA request, conduct an adequate search, and produce all non-exempt responsive records promptly.
2. GSA has failed to make a timely determination and has not produced responsive records.

II. JURISDICTION AND VENUE
3. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because, upon information and belief, responsive records and/or the officials responsible for processing Plaintiff's request are located within this District and/or the Northern Virginia/National Capital Region in which GSA maintains offices and records systems.

III. PARTIES

5. Plaintiff Joseph Lee is an individual and a "person" within the meaning of FOIA, 5 U.S.C. § 551(2).

6. Defendant GSA is an agency of the United States Government and is subject to FOIA, 5 U.S.C. § 552(f)(1).

IV. FACTUAL ALLEGATIONS

A. FOIA Request

7. On or about May 20, 2025, Plaintiff (through counsel at the time) submitted a FOIA request to GSA through the GSA FOIA Public Access Link ("PAL") portal. PAL information 2025-FOI-01370

8. The request sought records concerning communications and actions related to Plaintiff Joseph Lee, including but not limited to:

   a. All written or electronic communications between **Andrew R. Hotaling (GSA)** and any other party related to Plaintiff Joseph E. Lee, including communications with parties identified in Mr. Hotaling's May 7, 2024 email (attached to the FOIA request as "Attachment A");

   b. The full email chain(s) and all electronic communications preceding and/or following Attachment A, including all replies and forwarded emails;

   c. The contract between Leidos, Inc. and the Government identified in the FOIA request as "Leidos WOM Deliverable 16" or "IAW Section I-1.4.4";

   d. All policies and procedures used by the Government to request removal of a party from a contract, including criteria considered and any rights afforded to a removed party (including any right to object/appeal);

   e. All written or electronic communications between **Andrew Curts (USAF)** and any other party related to Plaintiff Joseph E. Lee, including communications with parties identified in Mr. Curts's April 17, 2024 email (attached to the FOIA request as "Attachment B");

   f. The full email chain(s) and communications preceding and/or following Attachment B, including replies and forwards;

    g. Records related to the allegations identified in Attachment B, including incident reports, complaints, witness statements, and video/audio recordings;

    h. Records of any investigation conducted by the Government into the allegations;

    i. Video and audio recordings of the Teen Center located within the Himawari Building, Kadena Air Force Base, Bldg. 439, Kadena AB JPN, from April 10, 2024 to April 17, 2024; and

    j. Complaints received by the Government regarding Richard Leveque and/or Melena Boyland, as further described in the request.

9. Plaintiff's FOIA request included attachments to assist GSA in identifying responsive records.

B. Fee Paid

10. On or about June 18, 2025, GSA assessed processing fees totaling $588, and Plaintiff paid the assessed fee.

C. GSA's Failure to Process / Lack of Determination

11. FOIA requires an agency to determine within the statutory time period whether it will comply with a FOIA request and to notify the requester of its determination and appeal rights. 5 U.S.C. § 552(a)(6).

12. To date, GSA has not produced responsive records and has not issued a lawful final determination identifying what it will release, what it will withhold, and the exemption(s) relied upon.

13. Plaintiff has therefore constructively exhausted administrative remedies due to Defendant's failure to comply with FOIA time limits. 5 U.S.C. § 552(a)(6)(C)(i).

D. Need for Basic Processing Status (Items 1–4)

14. Plaintiff has requested basic processing information, including: (1) the FOIA tracking number; (2) whether a FOIA specialist has been assigned; (3) whether responsive records have been located and the estimated date for an initial release; and (4) whether any portion was referred/transferred to another component/agency and, if so, which and when.

15. GSA has not provided the information in Paragraph 14.

V. CLAIM FOR RELIEF (FOIA – 5 U.S.C. § 552)

16. Plaintiff incorporates Paragraphs 1–15.

17. GSA is unlawfully withholding agency records by failing to conduct an adequate search and by failing to produce non-exempt responsive records promptly, in violation of FOIA.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare that GSA's failure to timely process and respond to Plaintiff's FOIA request violates FOIA;
B. Order GSA to conduct an adequate search for records responsive to Plaintiff's FOIA request and to produce all non-exempt responsive records by a date certain;
C. Order GSA to provide a written status update including: (1) tracking number; (2) assigned FOIA specialist; (3) whether records have been located and estimated date for initial release; and (4) any referrals/transfers and the receiving component(s);
D. Order GSA to justify any withholdings by identifying the FOIA exemption(s) relied upon and to release all reasonably segregable non-exempt portions;
E. Enjoin GSA from continuing to withhold non-exempt responsive records;
F. Award Plaintiff costs of suit as allowed by law; and
G. Grant such other relief as the Court deems just and proper.

Date: 2/20/_____, 2026

Respectfully submitted,

*Joseph Lee*
Joseph Lee (pro se)
430 Bobcat Hollow
San Antonio, Texas 78251
616-617-9522
Impactcounselingllc@gmail.com